# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | | |
|---|---|---|
| STEVEN DRAWDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| SPP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, STEVEN DRAWDY ("Plaintiff"), through his attorneys, Hormozdi Law Firm, LLC, alleges the following against Defendant, SPP, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and 15 U.S.C. § 1692k (FDCPA).

3. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

4. Plaintiff is a natural person residing in the City of Grovetown, Columbia County, State of Georgia.

5. Plaintiff is a consumer as that term is defined by the FDCPA.

6. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

7. Defendant is a debt collector as that term is defined by the FDCPA.

8. Within the past year of Plaintiff filing this complaint, Defendant attempted to collect a consumer debt from Plaintiff.

9. Defendant is a collection agency located in the City of Duluth, Gwinnett County, State of Georgia.

10. Defendant is a business entity engaged in the collection of debt within the State of Georgia.

11. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

12. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

13. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

14. During the course of its attempts to collect debts allegedly owed to third

parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

16. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

17. The alleged debt at issue arises from transactions for personal, family, and household purposes.

18. In or around August 2020, Defendant began placing calls to Plaintiff on Plaintiff's telephone number at xxx-xxx-5886, in an attempt to collect the alleged debt.

19. Defendant calls Plaintiff from 513-912-0621 and 877-377-5380, which are two of Defendant's telephone numbers.

20. On or about August 20, 2020, Plaintiff spoke with one of Defendant's female collectors, Anna Davis, on the telephone.

21. During the conversation, Defendant's female collector did not willingly

disclose the communication is from a debt collector.

22. During the conversation, Defendant's female collector did not disclose the communication is an attempt to collect a debt.

23. During the conversation, Plaintiff requested for Defendant to stop calling him.

24. Despite Plaintiff's request for Defendant to stop calling him, Defendant continued to call Plaintiff's telephone unabated.

25. Following the conversation on August 20, 2020, Defendant contacted Plaintiff's father, Ronald Drawdy, on his telephone at xxx-xxx-2956, in an attempt to collect the alleged debt.

26. Since Defendant began calling Plaintiff, Defendant's collectors sent the following text messages on Plaintiff's telephone:

    a. "This is Account Services with an issue reference #67235960 please call 1-888-590-2831 for information. TextStoporHelp."

    b. "Package services for package #79725508 unable to deliver please call 1-877-377-5320 Stop to Stop Notifications."

27. The telephone number 888-590-2831 belongs to Defendant.

28. Defendant's collectors were working within the scope of their employment when they communicated with Plaintiff.

29. Defendant's collectors are or should be familiar with the FDCPA.

30. Defendant's collectors know or should know that the FDCPA requires a debt collector to disclose the caller's identity when communicating with a consumer.

31. Defendant's collectors know or should know that the FDCPA requires a debt collector to disclose that the communication is from a debt collector and that any information obtained will be used for that purpose.

32. The natural consequences of Defendant's actions was to unjustly condemn and vilify Plaintiff for his non-payment of the alleged debt.

33. The natural consequences of Defendant's actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

34. The natural consequences of Defendant's actions was to cause Plaintiff mental distress.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

35. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692b of the FDCPA by communicating with any person other than the consumer for the purpose of acquiring location information about the consumer, when Defendant placed collection calls to Plaintiff's father on his telephone after Defendant acquired location information about Plaintiff and after Defendant

5

    communicated with Plaintiff;

b. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt, when Defendant continued to place collection calls to Plaintiff after Plaintiff requested for Defendant to stop calling him;

c. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant continued to place collection calls to Plaintiff after Plaintiff requested for Defendant to stop calling him;

d. Defendant violated § 1692d(6) of the FDCPA by placing telephone calls without disclosure of the caller's identity, when Defendant sent text messages to Plaintiff and did not disclose the communication is from SPP;

e. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant created the false impression on Plaintiff that Defendant was permitted to call Plaintiff with

impunity despite Plaintiff's request for Defendant to stop calling him;

f. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt, when Defendant falsely represented it attempted to deliver a package to Plaintiff in an effort to coerce Plaintiff into calling Defendant;

g. Defendant violated § 1692e(11) of the FDCPA by failing to disclose that the communication is from a debt collector, with none of the exceptions of this subsection being applicable, when Defendant's collectors communicated with Plaintiff and did not disclose the communication is from a debt collector attempting to collect a debt;

h. Defendant violated § 1692e(14) of the FDCPA by using any business, company or organization name other than the true business name of the debtor's business, company or organization, when Defendant's collector sent a text message to Plaintiff and falsely represented that the communication is from Account Services; and

i. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the misconduct alleged herein.

WHEREFORE, Plaintiff, STEVEN DRAWDY, respectfully requests judgment be entered against Defendant, SPP, INC., for the following:

36. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

37. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

38. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

October 01, 2020

By: _/s/Shireen Hormozdi_____
Shireen Hormozdi
SBN: 366987
Hormozdi Law Firm, LLC
1770 Indian Trail Lilburn Road, Suite 175
Norcross, GA 30093
Tel: 678-395-7795
Fax: 866-929-2434
shireen@agrusslawfirm.com
shireen@norcrosslawfirm.com
Attorney for Plaintiff